IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| GREGORY KELLY and<br>ANNETTE B. KELLY,<br><br>    Plaintiffs,<br><br>    v.<br><br>ALABAMA STATE PERSONNEL<br>BOARD, et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.<br>)     2:26cv439-MHT<br>)       (WO)<br>)<br>)<br>)<br>)<br>) |

## SUMMARY DISMISSAL ORDER

This case is before the court for review of the complaint filed by pro se plaintiffs Gregory Kelly and Annette B. Kelly.  The complaint names as defendants around 50 different Alabama governmental agencies and boards covering vastly different subjects--from the Department of Agriculture and Industries to the Board of Veterinary Medical Examiners—and asserts causes of action against them under the National Defense Authorization Act, the Servicemembers Civil Relief Act, the criminal statute for deprivation of civil rights

(18 U.S.C. § 242), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1985 (conspiracy to interfere with civil rights), and the Supremacy Clause of the United States Constitution.

Plaintiff Gregory Kelly has been declared a vexatious litigant by this court. *See Kelly v. Montgomery Water Works & Sanitary Sewer Bd.*, No. 2:24cv348-RAH, 2025 WL 1461271, at *1 (M.D. Ala. May 21, 2025). Because of Gregory Kelly's repeated filing of frivolous and shotgun complaints and Annette B. Kelly's repeated joining with him as a plaintiff on such complaints, on December 15, 2025, the court entered the following order:

> "As a consequence of Gregory Kelly's vexatious filing of shotgun and frivolous pleadings, and now by and through his wife, Annette B. Kelly, in the event Gregory Kelly or anyone acting in concert with him, including Annette B. Kelly, files a shotgun or facially frivolous complaint in the future, after appropriate review, the Court will summarily dismiss the pleading and the action without prior notice."

*Kelly v. Alabama State Port Auth.*, No. 2:25cv825-RAH, 2025 WL 3633214, at *2 (M.D. Ala. Dec. 15, 2025).

The court has conducted an appropriate review of the complaint in this new case, which was filed on June 3, 2026. The complaint is a shotgun pleading because it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015). In addition, the complaint constitutes a shotgun pleading because it contains "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Id*. at 1323. Therefore, the complaint and this case will be dismissed pursuant to the above-quoted order.

***

Accordingly, it is ORDERED that the complaint (Doc. 1), and this case in its entirety, are summarily dismissed without prejudice.

3

This case is closed.

The plaintiffs are advised that, within 21 days from the date of this order, they should pick up from the clerk of court's office the service materials they provided for this case.  If they do not do so, their service materials may be discarded.

DONE, this the 4th day of June, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

4